UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN E. ROUSSEAU,

    Plaintiff,

v.

CARMEN CASTENEDA,
(Supervisor) HENN. CTY.,

    Defendant.

Civil No. 08-1085 (DSD/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is a civilly committed detainee at the St. Peter Regional Treatment Center in St. Peter, Minnesota. He is attempting to bring a civil rights action under 42 U.S.C. § 1983 against a Defendant named Carmen Casteneda. Plaintiff claims that Defendant violated his constitutional rights, because "Defendant did not assert correct diagnosis for Plaintiff['s] mental health," and "committed denial of Due Process and Cruel and Unusual Punishment in April 2005."

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). See also Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) ("[u]nder section 1915(e)(2)(B)(ii),

a District Court shall dismiss a complaint filed in forma pauperis 'at any time if ... the action ... fails to state a claim on which relief may be granted'").

Plaintiff's current complaint is nearly identical to one that he filed in a previous case in this District – <u>Rousseau v. Casteneda</u>, No. 08-236 (DSD/JSM). That previous case was dismissed just two weeks ago by District Court Judge David S. Doty, (adopting a Report and Recommendation by the undersigned Magistrate Judge). Plaintiff's previous case was summarily dismissed because his complaint failed to state a cause of action on which relief could be granted.

The Court can find no meaningful or material distinction between Plaintiff's current complaint, and his previous similar complaint that failed to state an actionable claim for relief.[1] Therefore, the Court will recommend that the present action be dismissed for the same reasons that the previous case was dismissed.

Finally, the Court notes that Plaintiff has now filed at least nine actions in this District during the past five months, (including this one), and it appears that every one of those cases has been summarily dismissed.[2] In light of plaintiff's recent litigation history, it is recommended that the Clerk of Court for the District of Minnesota be directed to refuse for filing any pleadings for a new lawsuit submitted by plaintiff unless the pleadings bear the signature of a duly admitted officer of this Court, or plaintiff has applied for, and received, the prior consent of a United States Magistrate Judge.

---

[1] As far as the Court can tell, Plaintiff's current complaint is simply a verbatim copy of his previous complaint, with a few new random and conclusory references to the Fourteenth Amendment and "Due Process" sprinkled throughout it.

[2] The case numbers of Plaintiff's other recent lawsuits are as follows: No. 07-4737 (DSD/JSM); No. 07-4750 (DSD/JSM); No. 07-4823 (DSD/JSM); No.07-4824 (DSD/JSM); No. 08-149 (DSD/JSM); No. 08-236 (DSD/JSM); No. 08-402 (DSD/JSM); and No. 08-1028 (DSD/JSM).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be denied;

2.   This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3.   In light of Plaintiff's recent litigation history, the Clerk of Court for the District of Minnesota should be directed to refuse for filing any pleadings for a new lawsuit submitted by plaintiff unless the pleadings bear the signature of a duly admitted officer of this Court, or plaintiff has applied for, and received, the prior consent of a United States Magistrate Judge.

Dated:   April 18, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 5, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.